# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANASTACIO ORTEGA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-389-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anastacio Ortega appeals his conviction for possession, with intent to distribute, more than 1000 kilograms of marijuana. He presents numerous issues regarding his not testifying and the testimony of a Government witness.

Regarding Ortega's not testifying, he claims denial of his right to testify on his own behalf; not being properly advised of that right; and his counsel's being ineffective for failing to properly advise him of that right. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40319

Ortega did not object on these grounds in district court, review is only for plain error. *E.g.*, *United States v. Bourgeois*, 423 F.3d 501, 506 (5th Cir. 2005). Under the plain-error standard, Ortega must show a clear or obvious forfeited error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Ortega's right to testify is a fundamental, constitutional right. *Rock v. Arkansas,* 483 U.S. 44, 49-52 (1987). However, "a district court generally has no duty to explain to the defendant that he . . . has a right to testify or to verify that the defendant who is not testifying has waived the right voluntarily". *United States v. Brown,* 217 F.3d 247, 258 (5th Cir. 2000), *vacated and remanded on other grounds sub nom. Randle v. United States,* 531 U.S. 1136 (2001). Moreover, the district court explained to Ortega that it was his right to decide whether he would testify. In addition, Ortega stated he had decided not to do so.

As to Ortega's related ineffective-assistance-of-counsel claim (IAC claim), the record is insufficiently developed to allow consideration of that claim. Such IAC claims generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations". *United States v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir. 2006) (citation and internal quotation marks omitted). For this IAC claim, a motion under 28 U.S.C. § 2255 may be available.

Ortega also contends the court erred by overruling his objections to testimony from a United States Border Patrol Agent regarding Ortega's apparent nervousness during the initial stop and inspection of his vehicle. The

denial of an evidentiary objection is reviewed for abuse of discretion. *E.g.*, *United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007). Pursuant to Federal Rule of Evidence 701, a witness may offer an opinion that is "rationally based on the witness's perception", is "helpful to clearly understanding the witness's testimony or to determining a fact in issue", and is "not based on scientific, technical, or other specialized knowledge".

The court did not abuse its discretion by denying Ortega's objections to this testimony. First, the majority of the testimony simply described the behavior the Agent observed, without offering any opinion about its meaning or Ortega's state of mind. Second, the testimony that Ortega seemed, *inter alia*, "a bit anxious to leave" or "nervous", did not violate Rule 701. The Agent's opinion was rationally based on his perception of Ortega's behavior, helpful to the jury in determining whether Ortega had knowledge of the marijuana hidden in his trailer, and based on his experience and common human understanding, rather than any "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

AFFIRMED.